IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE POLLMEIER,

      Plaintiff,

v.

WAYNE A. GROSNICK AND ASSOCIATES,
PA D/B/A SOLUTIONS BEHAVIORAL
HEALTHCARE CONSULTANTS and
WAYNE A. GROSNICK,

      Defendants.

Case No. 8:18-cv-03091-SDM-TGW

## CASE MANAGEMENT REPORT

1.    Meeting of the Parties: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on _____Wednesday, February 27, 2019_____ at _____2:00 pm_____ (check one)

      (X) by telephone.
      (__) at _____ (place) _____.

The meeting was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| R. Michael Pierro, Jr. | Plaintiff |
| Derek Usman | Defendants |

2.    Initial Disclosure:

      a.    Rule 26(a)(1), Federal Rules of Civil Procedure, states:

      Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

      (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

      (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that

the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

(iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties (check one)

(__)   have exchanged Rule 26(a)(1)(A) information.

(X)    agree to exchange Rule 26(a)(1)(A) information

on or before _____**April 1, 2019**_____.[2]

(__)   stipulate not to disclose Rule 26(a)(1)(A) information because

_____

(__)   are unable to agree to disclosure of Rule 26(a)(1)(A) information because

_____

3.    Discovery Plan (Plaintiff): The parties jointly propose the following discovery plan for the plaintiff:

a.    Planned Discovery: A description of each discovery effort the plaintiff plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiff will pursue the discovery.

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

(1) Request for Admission: *Plaintiff may serve Requests for Admission on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the plaintiff's requests for admission.

(2) Written Interrogatory: *Plaintiff may serve Interrogatories on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

(3) Request for Production or Inspection: *Plaintiff may serve Requests for Production on Defendant within the discovery period in accordance with the Federal Rules of Civil Procedure*

(4) Oral Deposition: *Plaintiff will take the depositions of witnesses and may take other depositions of fact and expert witnesses within the discovery period in accordance with the Federal Rules of Civil Procedure.*

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiff may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| *None at this time.* | | |

b.   Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiff's Rule 26(a)(2) disclosure is due on or before **July 1, 2019**.

c.   Supplementation of Disclosure and Response: The parties agree that the plaintiff will supplement under Rule 26(e) at the following times:

*As required by the Federal Rules of Civil Procedure.*

      d.    Completion of Discovery: The plaintiff will begin discovery in time to complete the discovery on or before **October 1, 2019**.

4.    Discovery Plan (Defendant): The parties jointly propose the following discovery plan for the defendant:

      a.    Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

    (1) Request for Admission: ***Defendant may serve Requests for Admission on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.***

        Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the defendant's requests for admission.

    (2) Written Interrogatory: ***Defendant may serve Interrogatories on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.***

        Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendant may request leave to exceed this limit.

    (3) Request for Production or Inspection: ***Defendant may serve Requests for Production on Plaintiff within the discovery period in accordance with the Federal Rules of Civil Procedure.***

    (4) Oral Deposition: ***Defendant will take the deposition of Plaintiff and may take other depositions of fact and expert witnesses within the discovery period in accordance with the Federal Rules of Civil Procedure.***

        Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendant may request leave to exceed this limit.

        Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

        The parties request an order extending the duration of the following depositions:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| *None at this time.* | | |

b.   Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before      **August 1, 2019**.

c.   Supplementation of Disclosure and Response: The parties agree that the defendant will supplement under Rule 26(e) at the following times:

*As required by the Federal Rules of Civil Procedure.*

d.   Completion of Discovery: The defendant will begin discovery in time to complete the discovery on or before         **October 1, 2019**.

5.   Joint Discovery Plan: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues): **None at this time.**

6.   Disagreement or Unresolved Issue Concerning Discovery: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

7.   Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by **July 15, 2019** for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before **November 1, 2019.**            .

8.   Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

The parties agree that settlement is (check one)

(__)   likely.
(X)    unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

(__)   consent.
(X)    fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

(__)   likely.
(X)    unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

- 5 -

9. Consent to Magistrate Judge Jurisdiction: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties (check one)

   (__)   consent.
   (X)    fail to consent.

   If the parties do not consent, future consent is (check one)

   (__)   likely.
   (X)    unlikely.

10. Final Pretrial Conference and Trial: The parties will prepare for a final pretrial conference, which will occur on or after **April 1, 2020**, and for trial, which will occur on or after **May 4, 2020**. This trial is expected to last approximately **3 days** and is a (check one)

    (X)    jury trial.
    (__)   bench trial.

11. Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12. Other Items: **Description of the Specific Nature and Complexity of the Case**

Plaintiff contends she was employed by Defendants as an administrative assistant and administrator and was paid an hourly rate for said work. She asserts that she worked at least 5 hours of overtime per workweek but was not paid for this time. Plaintiff additionally sues for breach of contract and failure to pay minimum wages in that she did not received any compensation for her final two weeks of employment with Defendants. Among other defenses raised, Defendants deny that Plaintiff worked overtime hours and further maintain that Plaintiff was not an employee but rather an independent contractor who was not entitled to overtime compensation.

Dated this 6th day of March 2019.                    Respectfully submitted,

*s/ Derek P. Usman*                                   *s/ R. Michael Pierro, Jr.*
Derek P. Usman                                        R. MICHAEL PIERRO, JR.
Florida Bar No.: 0120303                              Florida Bar No. 0013023
derek@usmanfirm.com                                   mikepierro@rmpemploymentlaw.com
*Counsel for Defendants*                              *Counsel for Plaintiff*

**The Usman Law Firm, PA**                            **LAW OFFICE OF**
20701 Bruce B. Downs Blvd., Suite 207                 **R. MICHAEL PIERRO, JR., P.A.**
Central Bank Building                                 146 Second Street North – Suite 310
Tampa, FL 33647                                       St. Petersburg, Florida 33701
(813) 377-1197 | Facsimile (312) 528-7684             (727) 201-2573 | (727) 491-7072 – Fax